LODGED ___ RECEIVED ___ COPY

FEB 05 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Stanley R. Foreman Jr., AZ Bar No. 032320
Sjay2001@gmail.com
1822 W. Bonanza Dr.
Phoenix, Arizona 85085
Telephone: 480.622.1414

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BEATRIZ ADAME, as mother of G. F. a minor child<br><br>Plaintiff,<br><br>vs.<br><br>PINNACLE WEST CAPITAL CORPORATION GROUP LIFE AND MEDICAL PLAN; EXPRESS SCRIPTS, Inc., as Plan Administrator of the Pinnacle West Capital Corporation Group Life and Medical Plan,<br><br>Defendants. | Case No. CV-20-00273-PHX-DLR<br><br>**ORIGINAL COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff Beatriz Adame, as mother of G. F., a minor, by and through undersigned counsel, for her Complaint against Defendants Pinnacle West Capital Corporation Group Life and Medical Plan and Express Scripts, Inc., as Administrator of the Pinnacle West Capital Corporation Group Life and Medical Plan alleges as follows:

**NATURE OF THE CASE**

1. G. F. is a five-year-old boy who was diagnosed by his Pediatric Rheumatologist with CANDLE Syndrome (Chronic Atypical Neutrophilic Dermatosis with Lipodystrophy and Elevated Temperature) ("CANDLE") in September 2018. CANDLE is an auto-inflammatory syndrome characterized by early-onset, recurrent fever, skin lesions, and manifestations of multisystem inflammation caused by a mutation in PSMB8 gene. The multi-systemic inflammation presents in G.

1.

F. as severe arthritis in all his major joints making simply childhood tasks such as running, jumping, ascending and descending stairs, raising arms above head, etc. difficult or impossible.

2. G. F. was prescribed Olumiant 2 mg tablets, the only FDA approved treatment with dosing instructions for CANDLE ("Olumiant"), by his doctor in November 2018. Olumant is effective in managing G. F.'s symptoms, especially his severe arthritis allowing G. F. to lead a more productive life. In October 2019, Defendants' denied G. F. continued use of Olumant even though it fits within the prescription drug benefit provided in and defined by the member's benefit plan. G. F.'s parents attempted to resolve this dispute through Defendants' internal administrative appeals process, but the Defendants refused to provide benefits to G. F.. Thus, Beatriz Adame, mother of G. F., brings this complaint on G. F.'s behalf, alleging Breach of Contract and that Defendants' violated section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132, et seq, ("ERISA"), and request that all past and future claims submitted to Defendants in relation to G. F.'s prescription for Olumiant be a covered benefit under the plan. Plaintiff also seeks attorneys' fees, costs and such other relief as this Court deems appropriate and just.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to the Employee Retirement Income Security Action of 1974, as amended, 29 U.S.C. § 1132(e), (f) and 28 USC § 1331.

4. This Court also has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper under 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims took place in this district.

6. Venue is also proper under 29 U.S.C. § 1132(e) because the breach took place in this district.

## PARTIES

7. Plaintiff, Beatriz Adame ("Beatriz") is a citizen of the State of Arizona, County of Maricopa, and is the mother of G. F., a minor child. Beatriz's spouse is a participant in the Pinnacle West Capital Corporation Group Life and Medical Plan. Beatriz and G. F., at all relevant times, are beneficiaries of the Pinnacle West Capital Corporation Group Life and Medical Plan.

8. The Pinnacle West Capital Corporation Group Life and Medical Plan (the "Plan") is an employee benefit plan providing health, medical, and prescription drug benefits to eligible employees of Pinnacle West Capital and their dependents within the meaning of 29 U.S.C. § 1002(1).

9. Express Scripts, Inc. ("ESI") is a Delaware corporation with its principal place of business in Missouri. Express Scripts is the "Plan Administrator" of the Plan within the meaning of 29 U.S.C. § 1002(16)(a).

**FACTUAL ALLEGATIONS**

10. In 2018, G. F. was a beneficiary of an employee welfare benefit plan administered by United Healthcare ("UHC Plan") that his father was the participant. During that same period, G. F. was diagnosed with CANDLE.

11. In November 2018, due to his medical condition, G. F. was prescribed and began taking Olumiant under the UHC Plan.

12. In September 2019, G. F.'s father changed employers to Pinnacle West Capital.

13. G. F.'s parents began paying COBRA benefits of approximately $1,000 a month to keep the UNC Plan and continue G. F. on Olumiant.

14. In October 2019, almost a year after he started Olumiant, G. F. became a beneficiary of the Plan for which his father was a plan participant. The Plan's prescription drug coverage states in part: "When prescribed by your doctor and obtained from a participating pharmacy… specialty prescription drugs administered on an outpatient bases are covered."

15. In October 2019, G. F.'s medical provider sent a preauthorization/claim for Olumiant to ESI. To support the preauthorization, G. F.'s medical provider put forth numerous medical records and reports evidencing G. F.'s diagnosis and symptoms. He also included an exam report, lab results and records supporting the effectiveness of G. F.'s almost year-long treatment of Olumiant. Despite this supporting evidence, ESI denied G. F.'s preauthorization.

16. After that, in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1, G. F.'s medical provider administratively appealed the Plan's determination and submitted additional medical and non-medical documentation from the National Institute of Health and the Federal Drug

Administration setting forth objective medical findings that show Olumiant was the ONLY treatment for G. F.. However, ESI refused to reverse its determination and continued to deny G. F. his prescription drug benefits.

17. ESI's decision to deny G. F.'s preauthorization/claim is contrary to the record and is not supported by the terms and conditions of the Plan for which G. F. is entitled to. Thus, ESI's denial was arbitrary and capricious, and is an abuse of discretion. ESI's decision was motivated by a conflict of interest or by other improper factors that influenced its decision. Finally, the Plan had a fiduciary duty to fairly and fully evaluate G. F.'s preauthorization/claim and its refusal to do so is a violation of that duty and ERISA.

18. ESI's denial of G. F.'s preauthorization/claim also defeated his legitimate and reasonable expectations that as a beneficiary of the Plan, he would be entitled to prescription drug benefits pursuant to the Plan. Failure to provide such benefits is a breach of contract, which G. F. is a beneficiary of.

19. To date, G. F. is still receiving Olumiant via the UHC Plan. However, under COBRA the UHC Plan expires in February 2021.

20. As a direct and proximate result of Defendant's actions, G. F. has suffered damages. Based on the evidence submitted to ESI establishing that G. F. met and continues to meet all of the Plan's conditions for benefits, G. F. is entitled to prescription drug coverage for Olumiant; that such benefit must be continued until G. F. is no longer a beneficiary of the Plan. In the alternative, Defendant's owe G. F. the retail price for Olumiant every month until his 26th birthday.

**CLAIMS FOR RELIEF**

**COUNT I**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B)]**

21. Plaintiff incorporates Paragraphs 1-20 as though fully set forth herein.

22. Defendants performance under the Plan is subject to the laws of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

23. Pursuant to Section 502(1)(1)(B) of ERISA, G. F. seeks to recover benefits due to him under the terms of the Plan, to enforce his rights under the terms of the Plan, and to clarify his

1 rights to future benefits under the terms of the Plan.

2  24. G. F. is legally entitled to receive benefits pursuant to the terms of the Plan. At all relevant times, G. F. has fulfilled all procedural requirements and exhausted all administrative remedies according to the terms and conditions of the Plan.

25. As described herein, Defendants' denial of G. F.'s rights under the prescription drug plan are arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law and are in violation of Section 502(a)(1)(B) of ERISA.

26. As a direct and proximate result of Defendants' actions, G. F. has lost benefits and continues to lose benefits due under the Plan. As a result of Defendants' failure to fulfill its duties and obligations under ERISA, G. F. has suffered damages.

27. Plaintiff is entitled to recover the benefit due to under the Plan. In the alternative, Plaintiff is entitled to damages in the amount of the retail price of Olumaint ($10, 277.00) per month until he is the age of 26. G. F. has and will continue to incur attorney's fees and costs.

## COUNT II
### [Breach of Contract]

25. Plaintiff incorporates Paragraphs 1-27 as though fully set forth herein.

26. The Plan is a contract between G. F.'s father and the Defendants, for which G. F. is a beneficiary. The Plan's prescription drug coverage states in part: "When prescribed by your doctor and obtained from a participating pharmacy… specialty prescription drugs administered on an outpatient bases are covered."

27. Plaintiff performed all services under the contract. G. F. was a beneficiary of the contract. G. F. requested prescription drug coverage under the Plan for Olumiant.

28. Defendants breached the agreement by denying G. F.'s preauthorization/claim for Olumiant.

29. As a result of Defendants' breach of contract, G. F. suffered damages.

30. Plaintiff is entitled to recover the benefit due to under the Plan. In the alternative, Plaintiff is entitled to damages in the amount of the retail price of Olumaint per month until he is the age of 26 plus attorney fees and cost.

**DEMAND FOR JURY TRIAL**

31. Plaintiff hereby demands trial of the claims by a jury to the extent authorized by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

A. Declare that Defendants violated the terms of the Plan and Plaintiff's rights thereunder by failing to authorization G. F.'s claim for Olumiant;

B. Declare that Defendants committed breach of contract by denying G. F. benefits under the Plan;

C. Enter an order finding that G. F. is entitled to the authorization of Olumaint under the prescription drug plan;

D. Declare that all future claims submitted on behalf of G. F. for Olumiant are covered under the prescription drug plan or in the alternative award G. F. the amount of the retail price of Olumaint ($10, 277.00) per month until he is the age of 26 in the amount of $2,589,804.00;

E. Award reasonable attorney's fees and costs; and

F. Award, such other relief as this Court, deems just and proper.

Respectfully submitted on this 5 day of February, 2020,

By: _____
Stanley Foreman Jr, esq.
Attorney for Plaintiff